UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS LOCKARD
and ADAM SANTIAGO,

        Plaintiffs,

Case No.:
Hon.

vs.

CITY OF DETROIT,
SGT. RODGER JOHNSON, JR., SGT. STEPHEN GEELHOOD,
In their Individual and Official Capacity, and Police Officers
MATTHEW BRAY, RADAMES BENITEZ, LEO RHODES,
CEDRIC COLEMAN, DAMON KIMBROUGH,
REGINALD BEASLEY, TIFFANY MCCRAKIN,
ARTHUR LEAVELLS, CHARLES FLANAGAN,
AMY MATELIC, LARRY BARNETT, BRIAN JOHNSON, and
STEVEN RILEY, in their Individual Capacities;
jointly and severally,

        Defendants.

_____

## COMPLAINT AND JURY DEMAND

NOW COMES PLAINTIFFS, by and through his counsel, DETTMER & DEZSI, PLLC and files their Complaint and Jury Demand as follows:

## PARTIES

1. Plaintiffs Douglas Lockard and his step-son Adam Santiago are citizens of the State of Michigan.

2. Upon information and belief, each of the individual Defendants are citizens

1

of the State of Michigan.

3. Defendant City of Detroit ("City") is a governmental entity in the State of Michigan.

4. At all times relevant to this lawsuit, Defendants were acting under the color of law with respect to the events set forth in the Complaint.

5. At all material times, Defendant City of Detroit employed the Individual Defendants and are liable for their acts. City of Detroit is also liable for the unconstitutional policies, practices, and customs of its Police Department.

6. Defendants are jointly and severally liable to Plaintiffs for the claims asserted herein.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, § 1343(a)(1)-(4) and 1343(b).

8. Venue is proper under 28 U.S.C. § 1391(b).

## COMMON ALLEGATIONS

9. In October 2012, Plaintiff Doug Lockard was the lawful and licensed operator of a marijuana grow facility located at his residence in Lincoln Park, Michigan.

10. On or about October 15, 2012, Defendants, acting under color of law and as

2

officers of Defendant City of Detroit's Police Department, conducted an unlawful raid of Plaintiff's home in Lincoln Park, Michigan.

11. Upon information and belief, Defendant Bray obtained, on October 17, 2012 (after the raid) a search warrant by swearing to an Affidavit containing false testimony.

12. For nearly four hours, Defendants extensively tore apart Plaintiff's property and removed, without lawful authority, nearly 48 marijuana plants and other related legitimate and lawful by-products of Plaintiff's business.

13. Throughout the duration of the raid, Defendants kept Plaintiff Lockard in handcuffs.

14. During the raid, Plaintiff's step-son Adam returned home from school at which time he was threatened, harassed, and detained by Defendants without probable cause.

15. During the raid, Defendants put a gun to Plaintiff Lockard's back and demanded that he open his safe for the ostensible purpose of robbing Plaintiff. Defendant Sgt. Johnson ordered Defendant Bray to shoot Plaintiff if he moved.

16. Defendants seized without lawful authority approximately $200 cash from Plaintiff's person, as well as all of Plaintiff's government issued

      identification including driver's license, birth certification, and social security card.

17. Defendants also took, without lawful authority, Plaintiff's duly registered guns, including two handguns and an antique shotgun all of which were of substantial value.

18. Defendants had no probable cause to seize and/or arrest Plaintiff nor was Plaintiff ever shown a search or arrest warrant at the time of the raid. Defendant Bray falsely represented to Plaintiff that he was a federal agent.

19. On or about November 7, 2014, Plaintiff was charged by Information with possession with intent to deliver marijuana and felony firearm (although the Information is erroneously dated November 7, 2012). Plaintiff was also falsely charged as a habitual second offender thus increasing his potential penalties.

20. Plaintiff's charges for felony firearm and habitual second offender were later dismissed by the Wayne County Circuit Court as bogus.

21. On December 4, 2015, after having conducted a lengthy Franks hearing, the Circuit Court for the County of Wayne dismissed the remaining drug-related charges against Plaintiff after concluding that the affidavit in support of the search warrant was based on false statements.

22. Upon information and belief, Defendants have engaged in similar unlawful searches and seizures of other legitimate marijuana grow facilities in and around the City of Detroit.

23. Defendant City of Detroit has allowed an unconstitutional policy, custom and practice to flourish within its police department under which its police officers, including Defendants, have unlawfully seized, confiscated, destroyed, or otherwise disposed of legitimate products of marijuana grow facilities.

24. During these unconstitutional searches and seizures, Plaintiffs and dozens of other similar business owners would be threatened, intimidated, detained, and falsely arrested without probable cause.

25. Upon information and belief, Defendants routinely conducted, participated, and/or allowed the types of illegal searches and seizures described herein.

26. As a result of Defendants' actions, Plaintiffs were degraded, humiliated, and subjected to an unlawful search, seizure, and false arrest in violation of their constitutional rights.

27. Plaintiffs were also deprived of their property without due process of law for no legitimate law enforcement purpose but rather to embarrass, humiliate, and degrade them.

28. Plaintiffs suffered extreme emotional distress, humiliation, embarrassment, and damage as a result of Defendants' unlawful actions.

29. Plaintiffs were putative class members in the currently pending case of *Timothy and Hatema Davis v. City of Detroit, et. al.*, Case No.: 15-cv-10547 (E.D. Mich)(J. Borman) that sought to challenge as unconstitutional the acts, policies, and/or customs of Defendants as alleged herein.

30. Recently, the Court denied class certification in the *Davis* matter such that the instant Plaintiffs now seek to pursue their identical individual claims herein.

## **COUNT I; VIOLATION OF THE FOURTH AMENDMENT**

31. Plaintiffs hereby incorporate by reference herein the allegations contained in the above Paragraphs of the Complaint.

32. The acts of Defendants as ratified, endorsed, and cultivated by the City of Detroit and its Police Department as described herein violated Plaintiffs' rights against unlawful and unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution.

33. Plaintiffs' arrest and detention as described herein were undertaken by Defendants without probable cause and without regard to any legitimate law enforcement interest.

6

34. Defendants' actions were not taken spontaneously in response to an emergency, but rather in conformity with the City's deliberate policies, customs, and practices as carried out through the Detroit Police Department.

35. The constitutional rights that Defendants violated were clearly established at all times when Defendants violated such rights and a reasonable person in Defendants' position would have understood that their conduct was in violation of those rights.

36. Defendants are not entitled to qualified immunity.

37. By virtue of Defendants' actions, Plaintiffs are entitled to compensatory and punitive damages.

## **COUNT II; VIOLATION OF THE FOURTEENTH AMENDMENT**

38. Plaintiffs hereby incorporate by reference herein the allegations contained in the above Paragraphs of the complaint.

39. By and through the actions described herein, Defendants deprived Plaintiffs of their lawful property without due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

40. By virtue of Defendants' actions, Plaintiffs are entitled to compensatory and punitive damages.

## COUNT III; *MONELL* CLAIM AGAINST CITY OF DETROIT FOR INADEQUATE TRAINING AND/OR SUPERVISION OF ITS AGENTS AND EMPLOYEES REGARDING THE CONSTITUTIONAL RIGHTS OF CITIZENS

41. Plaintiffs hereby incorporate by reference herein the allegations contained in the above Paragraphs of the complaint.

42. Defendants City of Detroit had an obligation to train its employees, police officers, and/or agents regarding the constitutional rights of citizens under the Fourth and Fourteenth Amendments.

43. Defendant City of Detroit had an obligation to supervise its agents and employees, including the individual Defendants named herein, to insure that the constitutional rights of Plaintiffs and similarly situated business owners were not violated.

44. Defendant City of Detroit failed to comply with its duty to train and/or supervise its employees, officers, and/or agents and had a custom or policy of acting with deliberate indifference to the types of egregious violations of the constitutional rights of Plaintiffs and other similarly situated business owners.

45. By failing to supervise its employees and officers, Defendant City of Detroit allowed a culture of corruption to flourish within certain ranks of its Police Department including the Narcotics Unit.

46. By inadequately training and/or supervising its employees, officers, and agents and having a custom or policy of deliberate indifference to the constitutional rights of Plaintiffs, Defendants encouraged and cultivated the conduct that resulted in the violation of Plaintiffs' constitutional rights.

47. Defendant City of Detroit had notice that its employees and officers were engaging in the types of actions described herein and failed to implement any preventative or corrective measures to ensure the safety of Detroit's citizens including Plaintiffs.

48. Defendants' policies, practices, and customs were the moving force in causing Plaintiffs their injuries as described herein.

49. By virtue of the actions of Defendant City of Detroit, Plaintiffs are entitled to compensatory and punitive damages.

## DAMAGES AND RELIEF REQUESTED

50. Plaintiffs hereby incorporate by reference herein the allegations contained in the above Paragraphs of the Complaint.

51. As a direct and proximate result of Defendants' conduct, each and every one of them, as set forth herein, Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments were violated.

52. As a direct and proximate result of Defendants' conduct, each and every one

of them, as set forth herein, Plaintiffs suffered extreme injury including emotional distress, humiliation, anguish, embarrassment, and loss of their valuable property.

53. Plaintiffs are entitled to any and all damages or losses compensable under federal and state law including, but not limited to, those damages authorized under 42 U.S.C. §§ 1983, 1988, and/or Michigan law.

54. Plaintiffs are also entitled to declaratory and injunctive relief to prevent the further degradation, humiliation, embarrassment, injury, and emotional distress caused by Defendants' actions and unconstitutional policies, practices, and customs.

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court, by and through its trier of fact enter Judgment in favor of Plaintiffs and against Defendants, together with interest, costs and attorney fees or as otherwise determined by the court or trier of fact.

Respectfully submitted,

DETTMER & DEZSI, PLLC

Dated: September 28, 2018        */s/ Michael R. Dezsi*
MICHAEL R. DEZSI
Counsel for Plaintiffs
615 Griswold Street, Suite 1410
Detroit, MI 48226

10

(313) 281-8090
mdezsi@dezsilaw.com
P64530

## **DEMAND FOR JURY TRIAL**

By and through their counsel, Dettmer & Dezsi, PLLC, Plaintiffs hereby demand a trial by jury in the above captioned matter.

DETTMER & DEZSI, PLLC

*/s/ Michael R. Dezsi*
MICHAEL R. DEZSI
Counsel for Plaintiffs
615 Griswold Street, Suite 1410
Detroit, MI 48226
(313) 281-8090
mdezsi@dezsilaw.com
P64530