UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS LOCKARD and ADAM SANTIAGO, | Case No. 18-13045 |
| Plaintiffs, | Paul D. Borman |
| v. | United States District Judge |
| CITY OF DETROIT, MATTHEW BRAY, and REGINALD BEASLEY | David R. Grand United States Magistrate Judge |
| Defendants. | |

**OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFFS' PURPORTED EXCESSIVE FORCE CLAIM PURSUANT TO FED. R. CIV. P. 12(c) (ECF No. 111)**

**I.    Background**

On March 6, 2021, Defendants filed a Motion for Judgment on the Pleadings (ECF No. 111), contending that Lockard's purported excessive force claim is time barred by the three-year statute of limitations because *American Pipe*[1] tolling only saves claims asserted in the original putative class action case and does not permit a plaintiff to raise different or peripheral claims following the denial of class status. Defendants also argued that the claims against Defendants Benitez, Johnson, Coleman, Kimbrough, and Rhodes are barred by the three-year statute of limitations

---

[1] *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974).

1

because *American Pipe* tolling does not apply to claims against new defendants who were not named in the initial class action complaint.

On April 22, 2021, the Court, in the exercise of its discretion pursuant to Fed. R. Civ. P. 41(a)(2), dismissed with prejudice Defendants Benitez, Johnson, McCrackin, Coleman, Kimbrough, and Rhodes. (ECF No. 116.) That Order renders as moot the latter part of the Defendants' instant motion. The remaining issue, the purported claim by Plaintiffs of excessive force, is the subject of this Opinion and Order.

Throughout the briefs on both motions for Judgment on the Pleadings (ECF Nos. 87, 111) there is a dispute over the existence of a claim for excessive force. Defendants moved for dismissal of the purported claim for excessive force, "as a precautionary measure in the event that Lockard intends to argue [a claim for excessive force] by surprise" (ECF No. 87 PageID.2119), arguing that the Plaintiffs failed to plead a claim for excessive force. Defendants later moved to dismiss the purported excessive force claim in a separate Motion for Judgment on the Pleadings (ECF No. 111), based on the statute of limitations, and the application of *American Pipe* class action tolling in this case. For the reasons that follow, this Court finds that Plaintiffs' claim for excessive force against Defendant Bray, to the extent that it exists, is barred by the statute of limitations.

### a. *Davis v. City of Detroit* Class Action

On February 11, 2015, Timothy and Hatema Davis filed a putative class action lawsuit against the City of Detroit and various narcotics officers alleging violations of the Fourth and Fourteenth Amendment rights. *Davis v. City of Detroit, et al.,* Case No. 15-10547 (E.D. Mich.).

The Davis' motion for class certification identified putative class members based on the following facts, centering on the lack of probable cause in search warrants: "(a) individuals who were the owners and/or occupants of homes and/or businesses engaged in the licensed distribution of marijuana for medical purposes; (b) who were subjected to search and/or seizure by agents and/or members of the Detroit Police Department's Narcotics' Unit; (b) from the period of February 11, 2012 until the date of judgment or settlement of this case; (c) who were never convicted of any offense arising from the search and/or seizure; (d) whose search and seizure were executed without probable cause; and (e) where such searches and/or seizures were conducted pursuant to Defendant City of Detroit's policies, practices, and/or customs." (*Davis v. City of Detroit*, 15-10547, Mot. for Class Cert., ECF No. 111-4 PageID.4142–43.) The motion for class certification also states that "the crux of the certifiable class is based on the Defendant City of Detroit's policy, custom, and/or practice of allowing such searches and seizures without probable

3

cause." (*Id.*, PageID.4144.) The words "excessive force" do not appear in the Davis' amended complaint nor the motion for class certification.

On August 31, 2018, this Court denied class certification in *Davis*. *Davis v. City of Detroit*, No. 15-10547, 2018 WL 4179316 (E.D. Mich. Aug. 31, 2018).

### b. Lockard's Instant Complaint

The instant case is one of five individual lawsuits filed following the denial of class certification.[2] In Lockard's instant Complaint, filed on September 28, 2018, Plaintiffs brought a claim in Count I for "Violation of the Fourth Amendment." (ECF No. 1 PageID.6-7.) The allegations contained in this Count clearly indicate that the claim is for "unlawful and unreasonable search and seizure" (*Id.* at ¶ 32), and that "Plaintiffs arrest and detention… were undertaken by Defendants without probable cause." (*Id.*, at ¶ 33.) While there are facts in Lockard's Complaint to suggest excessive force may have been used during the raid, (*Id* at. ¶ 15[3]) the words "excessive force" do not appear in the Complaint.

---

[2] In addition to the instant case, these lawsuits include: *Reid v. City of Detroit, et al.*, No. 18-13681; *Frontczak v. City of Detroit, et al.*, No. 18-13781; *Gardella v. City of Detroit, et al.*, No. 18-13687; and *Metris-Shamoon v. City of Detroit, et al.*, No. 18-13683.

[3] ¶ 15 of Lockard's Complaint alleges: "During the raid, Defendants put a gun to Plaintiff Lockard's back and demanded that he open his safe for the ostensible purpose of robbing Plaintiff. Defendant Sgt. Johnson ordered Defendant Bray to shoot Plaintiff if he moved"

## II. Standard of Review

Plaintiffs argue that the Defendants' Fed. R. Civ. P. 12(c) motion should be treated as a motion for summary judgment under Fed. R. Civ. P. 56. The Sixth Circuit has held that while a motion to dismiss is "generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations[,]" when "the allegations in the complaint affirmatively show that the claim is time-barred … dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo v. U.S. Steel Corp.,* 676 F.3d 542, 547 (6th Cir. 2012).

When deciding a Rule 12(c) motion for judgment on the pleadings, as a general rule, matters outside the pleadings may not be considered unless the motion is converted to one for summary judgment under Fed. R. Civ. P. 56. *See Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). The Court may, however, consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.* at 89. Because all the information necessary to decide this motion exists in the Complaint, public records, or are attached to the Defendant's Motion and referred to in the Complaint, this Court will treat this as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c).

Federal Rule of Civil Procedure 12(c) authorizes parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings are analyzed under the same standard as motions to dismiss under Rule 12(b)(6). *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010) (internal citation and quotation marks omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.*

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain

6

recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 550 U.S. at 562).

### III. Analysis - Excessive Force

In the instant Complaint, Plaintiffs brought a claim in Count I for "Violation of the Fourth Amendment." (ECF No. 1 PageID.6–7.) The allegations contained in this claim indicate that the claim is for "unlawful and unreasonable search and seizure" (*Id*. at ¶ 32), and that "Plaintiffs arrest and detention… were undertaken by Defendants without probable cause" (*Id*. at ¶ 33.) While there are facts to suggest excessive force may have been used during the raid, (*Id.* at ¶ 15) the words "excessive force" do not appear in the Complaint; the Fourth Amendment claim is based on the lack of probable cause in the search warrant.

The Plaintiffs now attempt to conflate a claim of unlawful search and seizure with a claim of excessive force. Plaintiffs contend that a claim of excessive force is subsumed within their unlawful search and seizure Fourth Amendment claim that focuses on the search warrant affidavit. Plaintiffs argue that any excessive force that was used in the execution of the search warrant may be considered in the unlawful search and seizure claim, but agree that there is no standalone claim for excessive force. Plaintiffs admit that, "[a]t the end of the day, a jury would be asked to decide whether Plaintiff was subject to an unreasonable seizure in violation of the Fourth

Amendment, not whether Bray's use of force was excessive. To the extent that Lockard testified that Bray repeatedly slapped him while handcuffed, this is simply additional testimony for the fact-find[er] to consider in the rubric of whether Bray's actions constituted an unreasonable seizure." (Plaintiffs' Response to Mot. for Judg. on the Pleadings, ECF No. 113, PageID.4192.)

Defendants contend that a new claim of excessive force is time-barred because there was no claim for excessive force in the *Davis* class action, and under *American Pipe* class action tolling, the statute of limitations here was not tolled by the *Davis* class action as to a claim for excessive force.

In *American Pipe*, the Supreme Court held that the filing of a class action tolls the period of limitations for all class members who timely intervene after a court denies class certification. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 553 (1974). In *Crown, Cork & Seal,* a unanimous Supreme Court limited the class-action tolling doctrine to original class members who file individual actions after class certification is denied. *Crown, Cork & Seal v. Parker,* 462 U.S. 345, 353–54 (1983). Significantly, Justice Powell's concurrence noted that the tolling rule of *American Pipe* "should not be read, however, as leaving a plaintiff free to raise different or peripheral claims following denial of class status … Claims as to which the defendant was not fairly placed on notice by the class suit are not protected under *American Pipe* and are barred by the statute of limitations." *Id.* at 354–55.

8

Justice Powell further noted that *American Pipe* and the class-action tolling doctrine applied where the subsequent claims " 'concern the same evidence, memories, and witnesses as the subject matter of the original class suit ....' " *Id*.

In *Weston v. AmeriBank*, 265 F.3d 366, 368 (6th Cir. 2001), the United States Court of Appeals for the Sixth Circuit noted with approval Justice Powell's cautioning that the tolling rule of American Pipe should not be read as leaving a plaintiff free to raise different or peripheral claims.

In *Cowles v. Bank West.,* 476 Mich. 1, 19–20 (2006), the Michigan Supreme Court examined *Weston* as well as cases from around the country examining *American Pipe* tolling, and rejected the limited reading of American Pipe in *Weston*. The Michigan Supreme Court held that rather than only tolling identical claims that were raised or could have been raised, a "class-action complaint tolls the period of limitations for a class member's claim *that arises out of the same factual and legal nexus as long as the defendant has notice of the class member's claim ... ." Id.* at 20–21 (emphasis added). The court in *Cowles* determined that because the claim in the class action complaint for alleged liability was based on the same acts as the new Truth in Lending Act claim, the new claim was not "different or peripheral," and class action tolling applied.

In a case applying these principles, *Currithers v. FedEx Ground Package Sys., Inc.,* No. 04-10055, 2012 WL 458466 (E.D. Mich. Feb. 13, 2012), a district court

determined that claims in the individual complaint were tolled by the prior class action complaint where the claims provided the defendant with "sufficient notice of the contours of potential claims" citing *Cowles,* 476 Mich. at 22–23, and provided that those claims shared "a common factual and legal nexus with the claims asserted in the original [class action] complaint." The court determined that the claims in each complaint shared a factual and legal nexus given that the claims were both predicated on the same set of actions—defendant FedEx's alleged mischaracterization of plaintiffs as employees rather than independent contractors. Further, when considering whether a claim for fraud was tolled during the class action, the court reasoned that the tolling on the fraud claim "ended when it was excluded from Plaintiffs' motion for class certification." *Id*.

Applying these principles to the present case, the Court finds that because a claim for excessive force in this case arises out of a different factual and legal nexus than the claim upon which the *Davis* class action was based (unlawful search and seizure without probable cause), the claim for excessive force does not benefit from *American Pipe* tolling and is barred by the statute of limitations.

The *Davis* class action plaintiffs' proposed class identified putative class members, tied to the lack of probable cause in search warrants. (*Davis v. City of Detroit*, 15-10547, Mot. for Class Cert., ECF No. 111-4 PageID.4142–43.) There

10

was no specific claim for excessive force in the *Davis* complaint, and nothing to suggest excessive force was a basis for class certification.

An unlawful search and seizure based on a lack of probable cause is conceptually and legally different than a claim for excessive force. *See e.g.*, *Nails v. Riggs,* 195 F. App'x 303, 313–14 (6th Cir. 2006) ("The issues of whether there was probable cause to arrest and whether excessive force was used are distinct."); *Humphrey v. Mabry*, 482 F.3d 840, 849 (6th Cir. 2007) (treating the unlawful seizure claim as based on whether the warrantless arrest was based on reasonable suspicion, and analyzing the claim for excessive force separately); *Cortez v. McCauley*, 478 F.3d 1108, 1127 (10th Cir. 2007) (regarding claims of unlawful arrest and excessive force, the court noted that, "[t]hese two inquiries are separate and independent, though the evidence may overlap.").

The focus of probable cause in this case concerns only events that occurred before the raid on Lockard's home, notably Officer Bray's statements in the affidavit regarding his surveillance and the information provided by the confidential informant. On the other hand, a claim for excessive force focuses entirely on the force used in subsequently effectuating the search and seizure under the search warrant. *See Graham v. Connor*, 490 U.S. 386, 397 (1989). "Whether a constitutional violation based on excessive force occurred depends on the facts and circumstances of each case viewed from the perspective of a reasonable officer on

11

the scene and not with 20/20 hindsight." *Bozung v. Rawson*, 439 F. App'x 513, 519 (6th Cir. 2011) (internal quotation marks and citations omitted). Thus, excessive force analysis will necessarily relate solely to the events occurring during the search warrant execution.

Similarly to *Currithers,* where tolling on the fraud claim "ended when it was excluded from Plaintiffs' motion for class certification," so too here, an excessive force claim was not included in the *Davis* class action complaint, nor in the motion for class certification. 2012 WL 458466, at *8. Nor is it specifically brought in Lockard's instant complaint.

Thus, Plaintiffs' attempt to add a claim of excessive force, does not benefit from *American Pipe* tolling, and is time barred by the applicable three-year statute of limitations for personal injury claims set forth in M.C.L § 600.5805.

Accordingly, the Court DENIES Plaintiffs' attempt to proceed on an excessive force claim against Defendant Bray.

SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: August 31, 2021

12